IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHN DILLARD, et al.,           )<br>                                 )<br>   Plaintiffs,                  )<br>                                 )<br>   v.                            )<br>                                 )<br>TALLAPOOSA COUNTY BOARD OF       )<br>EDUCATION,                       )<br>                                 )<br>   Defendant.                    ) | CIVIL ACTION NO.<br>2:87cv1296-MHT<br>     (WO) |

CONSENT FINAL JUDGMENT

Pursuant to the joint motion to show cause as to why this case should not be dismissed (Doc. No. 2), an order was entered on February 28, 2007 (Doc. No. 3), directing defendant Tallapoosa County Board of Education to show cause, if any there be, in writing by April 30, 2007, as to why said motion should not be granted.  On March 27, 2007 (Doc. No. 4), the Tallapoosa County Board of Education indicated that it does not object to final dismissal.

There being no objection to the show-cause order and the final dismissal of this action, and Alabama Act No. 2006-252 having received preclearance, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The joint motion to show cause as to why this case should not be dismissed (Doc. No. 2) is granted.

(2) It is DECLARED as the judgment of this court that Alabama Act No. 2006-252 provides state legislative authority for the method of election and number of seats prescribed by the consent decree the court entered on May 17, 1998, providing that the Tallapoosa County Board of Education consist of five members elected from single-member districts to staggered terms of six years.

(3) The injunction contained in the prior judgment of the court to the extent it pertains to defendant Tallapoosa County Board of Education is dissolved.

(4) All claims against defendant Tallapoosa County Board of Education in this action are dismissed.

**The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.**

**DONE, this the 3rd day of April, 2007.**

                                           **/s/ Myron H. Thompson**
                                      **UNITED STATES DISTRICT JUDGE**